UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DARRYL E. MATHEWS, JR.,**

**Petitioner,**

**v.** **Case No. 26-CV-1150**

**WARDEN ALISHA KRAUS,**
***Oakhill Correctional Institution,***

**Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Darryl E. Mathews, Jr., who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Accompanying his petition is a motion for leave to proceed without prepaying the $5.00 filing fee. (ECF No. 2.) Based on his institutional trust account statement (ECF No. 11), Mathews lacks the resources to pay this fee and his motion (ECF No. 2) is **granted**.

Before the court could screen the original petition (ECF No. 1), Mathews filed an amended petition for a writ of habeas corpus (ECF No. 9), together with a motion to appoint counsel (ECF No. 10). The amended petition supersedes and replaces the original petition.

### 1. Screening the Petition

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Mathews challenges a Wood County Circuit Court judgment but was incarcerated in Racine County at the time of filing his petition, and therefore venue is proper in this district. *See* 28 U.S.C. §§ 130(a); 2241(d); (ECF No. 1 at 1). He presents at least one cognizable claim—challenging the knowing and voluntary nature of his guilty plea. (ECF No. 9 at 12; *see also United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989) ("Once a plea of guilty has been entered, … only the knowing and voluntary nature of the plea may be attacked.") (quoting *McMann v. Richardson*, 397 U.S. 759, 763 (1970)).)

Mathews has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court, and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *State v. Mathews*, No. 2024AP1632, 2025 WL 2731588, 2025 Wisc. App. LEXIS 869 (Wis. Ct. App. Sept. 25, 2025), *review dismissed*, 2026 WI 15, 35 N.W.3d 113. There is no indication that he has previously sought federal habeas relief. *See* 28 U.S.C. § 2244(b). And he filed his petition within one year of the Wisconsin Supreme Court denying his request for review. *See* 28 U.S.C. § 2244(d). Consequently, the court is

unable to say that it is plainly apparent that Mathews is not entitled to relief. The respondent shall answer the petition.

**2. Motion to Recruit Counsel**

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), allows the court to recruit counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254 if the court finds that it would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). However, "due process does not require appointment of counsel for indigent prisoners pursuing … federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007); *see also Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("There is no right to court-appointed counsel in federal civil litigation.").

The most the court can do is attempt to recruit an attorney who is willing to work for free. 28 U.S.C. § 1915(e)(1). Recruiting an attorney, however, is a difficult task. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014). "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Id*. (quoting *Olson*, 750 F.3d at 711). Thus, the court is forced to limit its recruitment of volunteer attorneys to those litigants who need counsel the most. *Id*.

To determine whether it is appropriate to recruit a volunteer attorney to represent an indigent litigant, the court asks: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given

the difficulty of the case, does the [petitioner] appear competent to litigate himself?" *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 654).

Mathews has provided letters from two different attorneys who declined to take his case over one year ago when he was pursuing postconviction relief in the Wisconsin state courts. (ECF No. 10-1.) Even if these efforts during an earlier stage of his case constitute a reasonable attempt to attain counsel, Mathews has not satisfied the second step in the analysis. He summarily claims that the difficulty of the case exceeds his ability to litigate the claims and that he is financially unable to obtain counsel. (ECF No. 10.) Based on his pleadings to date, it appears he is competent to litigate his petition for a writ of habeas corpus. The court will **deny** Mathews's motion (ECF No. 10) without prejudice.

### 3. Conclusion

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order** the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Mathews shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Mathews may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Mathews's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition,

Mathews shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

All of Mathews's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

Mathews should also retain a personal copy of each document.

Mathews is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Mathews must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 7th day of August, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge