UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DARRYL E. MATHEWS, JR.,**

**Petitioner,**

**v.** **Case No. 26-CV-1150**

**WARDEN ALISHA KRAUS,**
***Oakhill Correctional Institution,***

**Respondent.**

---

# ORDER

---

On June 29, 2026, Darryl Mathews, Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Mathews filed an amended petition on August 5, 2026. (ECF No. 9) On August 7, 2026, the court screened Mathew's amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (ECF No. 13.) The court concluded that it was not plainly apparent that Mathews is not entitled to relief and ordered the respondent to answer the petition. (*See id.*)

On August 10, 2026, Mathews filed a motion to stay his petition and hold it in abeyance while he exhausts all remedies "for newly discovered evidence." (ECF No. 14.)

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id*. Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless. *Id*. Additionally, there must have been good cause for the petitioner's failure to have earlier sought relief in state court. *Id*.

Mathews offers no explanation that could allow the court to find these standards satisfied. He does not state what the new evidence is, how it impacts his case, or when or how it was discovered. The court cannot assess whether good cause exists for Mathews's failure to seek relief on this claim sooner. Nor can the court determine whether the claim is plainly meritless. Accordingly, Mathews has not established that his circumstances are appropriate for stay and abeyance.

**IT IS THEREFORE ORDERED** that Mathew's motion for stay and abeyance (ECF No. 14) is **denied** without prejudice. The case shall proceed as outlined in the court's screening order (ECF No. 13.)

Dated at Milwaukee, Wisconsin this 12th day of August, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge